No. 438
COLUMBUS RY. P. & L. CO. v. BRADY
Ohio Appeals, 2nd Dist., Franklin Co.
No. 1241. Decided Feb. 4, 1925.

797—MUNICIPAL CORPORATIONS—Person partially blind, attempting to cross a city street, where excavation is being made held bound to cautious exercise of faculties possessed.

225—CHARGE TO JURY—As the measure of damages must be definite.

801—MUNICIPAL LAW—Ordinance penalizing open trenches in street not intended to be exclusive, or to supersede common law.
ALLREAD, J.

Francis Brady brought suit in the Franklin common pleas to recover damages from the Columbus Ry. P. & L. Co., resulting from his falling into an open trench left in a street in Columbus. The trench was excavated and certain obstructions were placed upon the ends of the open trench to prevent pedestrians from falling therein. Brady was partially blind to the extent he could not recognize faces, and said accident occured at 10:30 P. M. The jury returned a verdict of $5,000 in favor of Brady. Error was prosecuted, and the railway assigns the following errors: (1) The effect of the ordinance introduced in evidence. (2) Weight of the evidence. (3) Error of trial court in refusing certain special charges. (4) Error in general charge. The court of appeals held:

1. Though the trial court admitted the ordinance requiring a display of red lights, and providing a fine for violation thereof, it charged the jury that the ordinance was not intended to be exclusive and rights of the parties were not measured by it; that Brady having planted his case on the common law, was entitled to have the case go to the jury upon the obligation so imposed.

2. There was sufficient evidence to justify the submission of the case to the jury upon the issue of negligence of the railway.

3. Upon the issue of contributory negligence Brady was required to exercise ordinary care in view of his physical infirmity, but the lower court was not authorized to say, as a matter of law, upon the undisputed evidence, that he was negligent in attempting to use the streets unattended without a cane. This question was, under the evidence, a matter for the jury.

4. The trial court erred in refusing to charge the jury with special charge No. 7, which is as follows:

"The court instructs the jury that if you find from the evidence that the plaintiff was, at the time of occurence in question, practically sightless, such fact would make incumbent upon the plaintiff the necessity of a more cau-

## STATE COURT OF APPEALS—Continued

tious exercise of the faculties he was possessed of." Physical infirmity of the party injured would call upon such person to use additional precaution as the infirmity might reasonably call for. R. R. Co. v. Terry 8 OS. 570.

5. Failure to make general charge as to the measure of damages more specific and definite, was complained of, but the court held, that alone was not enough to reverse the judgment but refusal to give the special charge and failure to make charge as to damages more definite, the judgment of the common pleas was reversed and cause remanded for new trial.

Attorneys—Johnson & Sharp, Schooler & Toland, for Railway Co.; Hogan, Hogan, Hogan & Hogan, for Brady; all of Columbus.